**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **MONROE RANDLE,** | ) | **CASE NO. 1:12 CV 2996** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **v.** | ) | |
| | ) | **OPINION AND ORDER** |
| **MICHAEL HOWELL, *et al.*,** | ) | **AND ORDER** |
| | ) | |
| **Defendants.** | ) | |

**CHRISTOPHER A. BOYKO, J.:**

*Pro se* Plaintiff Monroe Randle filed this action under 42 U.S.C. § 1983 against Parole Officer Michael Howell, Parole Officer Steve Vukmer, and the Ohio State Parole Board.  In the Complaint, Plaintiff asserts he was wrongfully charged with a Mississippi parole violation.  He seeks monetary damages, an order from this Court reversing the parole revocation by the Mississippi State Parole Board, and an order to the Ohio Adult Parole Authority to "reinstate [his] parole back to Ohio."  (ECF No. 3 at 13).

**I.  BACKGROUND**

While Plaintiff's Complaint and Amended Complaint are lengthy, they contain very few facts.  Plaintiff was accused by Danny Woods and Robbin Graham of sending threatening

messages, possession of a gun and stalking with sexual advances.  It appears Plaintiff is currently in prison in Pearl Mississippi, possibly on a parole violation as a result of these charges.  He claims a parole revocation hearing was held by the Mississippi Parole Authority on July 25, 2012.  The remainder of the Complaint is composed entirely of legal rhetoric.

It is equally difficult to determine which legal claims Plaintiff is attempting to assert.  He claims the Defendants engaged in a criminal conspiracy, and denied him due process.  He indicates he has a liberty interest in avoiding false charges being presented to the Mississippi Parole Board.  He contends the Ohio State Parole Board is liable under 42 U.S.C. § 1983 for failure to train and supervise their subordinates.  He claims his arrest was without probable cause and therefore unlawful.

## II.  LAW AND ANALYSIS

### Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1]  *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).  An action has no arguable basis in law

---

[1]  An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the Court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute.  *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

when a defendant is immune from suit or when a plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U .S. at 327.  An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199.

When determining whether the Plaintiff has stated a claim upon which relief can be granted, the Court must construe the Complaint in the light most favorable to the Plaintiff, accept all factual allegations as true, and determine whether the Complaint contains "enough fact to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The Plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*.  Although a Complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the Complaint are true." *Id*.  The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

The Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-678 (2009), further explains the "plausibility" requirement, stating that " a claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  Furthermore, "the plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." *Id*.  This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

**Failure to State a Claim**

While Plaintiff lists several causes of action, he provides no allegations in the Complaint to permit the Court or the Defendants to determine the factual basis for these claims.  The basic pleading requirements of Federal Civil Procedure Rule 8 require Plaintiff to not only assert a legal cause of action, but to allege facts to suggest what each of the Defendants did or did not do to give rise to the claims asserted.  *See Iqbal*, 556 U.S. at 678.  In this case, Plaintiff does not allege any facts to suggest how the Ohio Adult Parole Authority, or the individual Ohio Parole Officers are involved in a Mississippi parole violation.  Plaintiff does not allege where these actions took place, and the Court cannot even determine if it is the proper venue for this action.  The Complaint is stated almost entirely as legal conclusions, which alone, are not sufficient to state a claim.  *Id.*  Plaintiff has not met the basic pleading requirements of Rule 8.

***Respondeat Superior***

Moreover, Plaintiff indicates the Ohio Adult Parole Authority is included as a Defendant because the agency failed to supervise or train its employees.  *Respondeat superior* is not a proper basis for liability under § 1983.  *Leary v. Daeschner,* 349 F.3d 888, 903 (6th Cir.2003); *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984).  The liability of supervisors cannot be based solely on the right to control employees, nor "simple awareness of employees' misconduct."  *Leary,* 349 F.3d at 903; *Bellamy,* 729 F.2d at 421.  Furthermore, "a supervisory official's failure to supervise, control or train the offending individual is not actionable unless the supervisor 'either encouraged the specific incident of misconduct or in some other way directly participated in it.'"  *Shehee v. Luttrell,* 199 F.3d 295, 300 (6th Cir.1999)(quoting *Hays v. Jefferson County,* 668 F.2d 869, 874 (6th Cir.1982)).  "At a minimum a plaintiff must show

-4-

that the [supervisor] at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Id.* (quoting *Hays,* 668 F.2d at 874).

Although Plaintiff indicates he is bringing his claims against the Ohio Adult Parole Authority for failing to supervise or train their employees, he does not allege facts to suggest that the Parole Authority encouraged or participated in any misconduct by its employees.  He does not allege how their supervision or training fell short and does not indicate which actions of their employees violated his constitutional rights.  A prerequisite of supervisory liability under § 1983 is unconstitutional conduct by a subordinate of the supervisor.  Plaintiff has not established that any of the Ohio parole officers are liable for violating Plaintiff's constitutional rights.  He therefore cannot hold the Ohio Adult Parole Authority liable for their actions under *respondeat superior*.

**Eleventh Amendment**

Finally, the Ohio Adult Parole Authority is immune from suits for damages under the Eleventh Amendment.  The Supreme Court has long read the amendment to mean "that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State."  *Edelman v. Jordan,* 415 U.S. 651, 663 (1974).  Nevertheless, the Eleventh Amendment bar does not apply in three instances: (1) where the state has consented to suit; (2) where the Plaintiff seeks equitable or declaratory relief against state officials; or (3) where Congress has abrogated the state's immunity."  *Nelson v. Miller,* 170 F.3d 641, 646 (6th Cir.1999).  None of these three scenarios is applicable in this case.  The Eleventh Amendment is an absolute bar to the imposition of liability upon state agencies in a § 1983 action.  *Latham v. Office of Atty. Gen. of State of Ohio,* 395 F.3d 261, 270 (6th Cir. 2005); *Bouquett v. Clemmer,*

-5-

626 F. Supp. 46, 48 (S.D. Ohio 1985).

### III. CONCLUSION

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e).  The Court

certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be

taken in good faith.[2]

IT IS SO ORDERED.


s/ Christopher A. Boyko
CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT JUDGE

DATED:  April 2, 2013

---

[2]    28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not
taken in good faith.